[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-11390
Non-Argument Calendar
_____

D. C. Docket No.   1:06-cr-20655-FAM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

MYRON JONES,
a.k.a "M",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2013)

Before TJOFLAT,  MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

On April 3, 2007, Myron Jones was sentenced to concurrent prison terms of 70 months for conspiracy to possess with intent to distribute 5 or more grams of crack cocaine, in violation of 21 U.S.C. § 846, and for possession of with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a). In February 2010, the District Court reduced Jones's sentences to terms of 60 months, the 5-year mandatory minimum sentence, pursuant to 18 U.S.C. § 3582(c), based on Amendments 706, 711 and 715 to the Sentencing Guidelines.

On November 2, 2011, Jones moved the court to reduce his sentences further again pursuant to § 3582(c), based on Amendment 750 to the Guidelines and the Fair Sentencing Act of 2010 ("FSA"), arguing that the FSA, which lowered the mandatory minimum sentence applicable in Jones's case, should be applied retroactively in § 3582(c) proceedings. The court denied his motion, and he appeals its ruling.

Recent decisions of the Supreme Court, *Dorsey v. United States*, — U. S. — -, 132 S. Ct. 2321, 181 L. Ed.2d 250 (2012), and this court, *United States v. Hippolyte*, 2013 WL 978695 (C.A.11 (Fla)), foreclose Jones's argument and require that we affirm the District Court's decision. The FSA does not apply in cases, like Jones's, where the convictions occurred and the sentences were imposed prior to the FSA's enactment.

AFFIRMED.

2